MARSH *v.* SINCLAIR.

DISMISSAL AND NONSUIT—REINSTATEMENT—ABUSE OF DISCRETION—COURT RULES.

> There was no abuse of discretion in declining to reinstate plaintiffs' suit for accounting, dismissed for want of prosecution, although they had obtained *ex parte* order to produce books and records, where it is apparent that their petition for said order was dilatory and for purpose of delay (Court Rule No. 40, § 6).

Appeal from Wayne; Smith (Guy E.), J., presiding. Submitted January 12, 1932. (Docket No. 101, Calendar No. 36,078.) Decided June 6, 1932.

Bill by Ralph J. Marsh and another against Norman G. Sinclair and another for an accounting. Bill dismissed. Plaintiffs appeal. Affirmed.

*Louis B. Ver Wiebe,* for plaintiffs.

*Miller, Baldwin & Boos,* for defendants.

Clark, C. J. Bill for accounting was filed March 6, 1930, answer on May 16th, and *præcipe* on May 22d following. Nothing further appears until May 1, 1931, when the cause was listed as case number 7 on the chancery call for assignment.

On that day plaintiffs filed a petition to produce books and records and obtained *ex parte* from Hon. Adolph F. Marschner, presiding judge, an order to produce.

The cause continued on call on May 4th as number 7, and on May 5th as number 3, and was assigned on that day to Hon. Guy E. Smith, circuit judge. The cause came on for hearing, defendants appearing, plaintiffs not appearing. The bill was dismissed for want of prosecution. Plaintiffs moved to reinstate before the trial judge and were refused. They brought on for hearing a like motion before Judge Marschner and it was denied. The motion was renewed again and denied.

Plaintiffs appeal and contend that under section 6, Court Rule No. 40, the *ex parte* order to produce operated to stay proceedings, to take the case off the call, and to continue.

It is apparent that Judge Marschner's refusal to sustain his order to produce and that the other orders declining to reinstate are due to the fact that plaintiffs' petition for order to produce was dilatory and for purpose of delay. We find no abuse of discretion in declining to reinstate the cause.

Affirmed. Costs to defendants.

McDonald, Potter, Sharpe, North, Fead, Wiest, and Butzel, JJ., concurred.